UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CITIZENS FOR FREE SPEECH, LLC; MICHAEL SHAW,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA; EAST COUNTY BOARD OF ZONING ADJUSTMENTS; and FRANK J. IMHOFF, SCOTT BEYER, and MATTHEW B. FORD, all in their official capacities as members of the East County Board of Zoning Adjustments,<br><br>Defendants. | Case No: C 18-00834 SBA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Dkt. 22 |

Plaintiffs Citizens for Free Speech, LLC ("Citizens") and Michael Shaw ("Shaw") bring the instant action under the First and Fourteenth Amendments against the County of Alameda ("County") and related parties, pursuant to 42 U.S.C. § 1983. Plaintiffs erected billboards on Shaw's property which they admit violate the County's Code of Ordinances. Nonetheless, Plaintiffs allege in this action that Defendants are foreclosed from taking any action to abate the signs as a result of the judgment entered by District Judge Charles Breyer in their prior lawsuit against the County, styled as <u>Citizens for Free Speech v. Cty. of Alameda</u>, Civ. No. 14-2513 CRB ("Prior Action").

The parties are presently before the Court on Plaintiffs' Motion for Preliminary Injunction. Dkt. 22. The motion seeks to enjoin Defendants from commencing administrative enforcement proceedings for the abatement of the signs at issue. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

## A. PRIOR LITIGATION

### 1. Factual Overview

Shaw owns real property located at 8555 Dublin Canyon Road, which is in an unincorporated area of Alameda County. Compl. ¶ 8, Dkt. 1. In 2014, Shaw and Citizens entered into an agreement for the latter to construct and display billboards on Shaw's property. Id. ¶¶ 9, 10. The signs "displayed political messages which Plaintiffs considered to be contrary to the political ideology espoused by County officials." Id. Plaintiffs acknowledge that "[t]he display of the signs was not allowed under the Code." Id. ¶ 11.[1]

On June 10, 2014, the County mailed Shaw a Declaration of Public Nuisance—Notice to Abate, claiming that the Signs violated Ordinances sections 17.18.010 and 17.18.120. See Citizens for Free Speech v. Cty. of Alameda, Civ. No. 14-2513 CRB ("No. 14-2513"), Dkt. 105 at 2. The Notice to Abate instructed Shaw to remove the signs or face an abatement proceeding and the imposition of fines. Id.

### 2. Substantive Proceedings

In response to the County's threat of action, Citizens and Shaw commenced the Prior Action in this Court on June 14, 2014. Id., Dkt. 1. The pleadings sought declaratory and injunctive relief against the County, pursuant to 42 U.S.C. § 1983, based on the following claims for relief: (1) violation of the right to free speech under the First Amendment; (2) violation of the right to Equal Protection under the Fourteenth Amendment; (3) violation of the right to free speech under the California Constitution; and (4) violation of the right to Equal Protection under the California Constitution. Id. The action was assigned to Judge Breyer.

Shortly after commencing the action, Plaintiffs moved for a preliminary injunction to enjoin the County from pursuing its scheduled abatement action. Id. Dkt. 50. Judge

---

[1] "Code" refers to the Alameda County Code of Ordinances.

Breyer granted the motion, finding that Plaintiffs were "likely to succeed on their challenges to sections 17.18.130 and 17.54.080 of the County's zoning ordinance, because section 17.18.130 afforded County officials unfettered discretion, and because there were no procedural safeguards to ensure that County officials would render decisions under sections 17.18.130 and 17.54.080 in a timely manner." Id., Dkt. 130 (citing Dkt. 34 at 15-17). The Court entered the injunction on September 30, 2014. Id., Dkt. 50.[2]

On April 15, 2015, the County moved for summary judgment on all of Plaintiffs' claims. Id., Dkt. 55. On July 16, 2015, Judge Breyer granted summary judgment as to: "Plaintiffs' free speech claims, to the extent that those claims are based on: (1) an as-applied challenge; (2) a facial challenge as to the unfettered discretion granted by Zoning Ordinance §§ 17.52.520(Q), 17.52.520(D), and 17.54.130; and (3) a facial challenge as to Section 17.52.515's purported regulation of speech based on its content." Id., Dkt. 71 at 2. The Court denied summary judgment on (1) Plaintiffs' facial challenge to Zoning Ordinance section 17.18.130, finding that "the 'totality of the factors' indicates that County officials have unfettered discretion under that provision," and on (2) Plaintiffs' Equal Protection claims. Id.

Subsequent to the Court's ruling on its summary judgment motion, the County amended section 17.18.130 (one of the ordinances underlying the preliminary injunction order). Id., Dkt. 130 at 2. In adjudicating the County's second summary judgment motion, the Court ruled that the amendment cured the constitutional deficiencies alleged by Plaintiffs. Id., Dkt. 105 at 7-13; id., Dkt. 130 at 9-10, 16 n.14. In view of the amendment, coupled with Plaintiffs' decision to no longer challenge section 17.54.080,[3] Plaintiffs

---

[2] The preliminary injunction order reads: "Defendant the County of Alameda, its employees, agents, officers, managers, delegates, or assigns, and those in active concert or participation are hereby ENJOINED AND PROHIBITED, pending trial of this action, from any and all conduct in enforcement of sections 17.18.130 and 17.54.080 the Zoning Ordinance that prohibits Plaintiffs from displaying the Signs, encumbers Plaintiffs' right to display the Signs, interferes with Plaintiffs' practical ability to display the Signs, or penalizes or punishes Plaintiffs' property relating to the Signs." Id., Dkt. 50 at 2.

[3] Plaintiffs also abandoned their challenge to section 17.54.080, the other ordinance cited as the basis for the preliminary injunction order. Id., Dkt. 130 at 2.

acknowledged that they had no further constitutional objections to the County's sign regulations. Id., Dkt. 123 at 6 ("Citizens does not challenge the current sign code."). Subsequently, the Court granted the County's request to dissolve the preliminary injunction. Id., Dkt. 125. The Court also rejected Plaintiffs' repeated requests for a permanent injunction "to enjoin enforcement of the unconstitutional sign code." Id., Dkt. 130 at 8.

### 3. Motion for Attorney's Fees

At the conclusion of the Prior Action, Plaintiffs filed a motion for attorneys' fees, seeking recovery of $199,030, plus costs. Id., Dkt. 126. Due to the "poor results achieved" by Plaintiffs, the Court awarded only $1 in nominal damages and attorneys' fees in the "greatly reduced" amount of $38,116. Id. at 16, 17. In reaching its decision, Judge Breyer noted that, despite three years of litigation, Plaintiffs accomplished "very little" and achieved none of their objectives in filing suit. Id. at 15-16. In particular, they failed to realize "the primary goal of the litigation"; namely, the recovery of actual damages and a permanent injunction allowing them to maintain their signs without risking abatement proceedings by the County. Id. at 7-8. Aside from obtaining only $1 in nominal damages, Plaintiffs "only prevailed on one claim, after which the County voluntarily amended its ordinance to correct the unconstitutional language—*and the amendment did not actually benefit [Plaintiffs]*." Id. at 15-16 (emphasis in orig.). Moreover, Plaintiffs failed to obtain any injunctive relief, as the Court vacated the previously imposed preliminary injunction and refused to enter a permanent injunction. Id. at 8.[4]

### B. THE INSTANT ACTION

On or about October 6, 2017, Plaintiff Shaw received a Declaration of Public Nuisance–Notice to Abate ("2017 Notice") from the Alameda County Community Development Agency Planning Commission. Shaw Decl. ¶ 10 & Ex. B, Dkt. 23, 23-2.

---

[4] In view of the fact that Plaintiffs failed to "achieve[] a change in the law that justifies the continued display of its billboards," the County indicated that it was considering the removal of Plaintiffs' signs once the preliminary injunction was dissolved. Id. at 8.

The notice ordered that Shaw remove the signs within ten days from the postmarked date of the Notice or face the imposition of fines for non-compliance. Id. On November 22, 2017, the County sent Shaw a Notice of Administrative Hearing on Abatement of Nuisance. Shaw Decl. ¶ 11 & Ex. C, Dkt. 23, 23-3. The notice indicated that a hearing was set before the Alameda County East County Board of Zoning Adjustments ("Board of Adjustments"), to determine whether the signs on Shaw's property violated the Code. Id. Although the hearing was originally set for December 7, 2017, the parties stipulated to postpone the hearing pending resolution of the instant motion. Kassouni Decl. ¶ 2, Dkt. 25.

On February 2, 2018, Plaintiffs filed the instant action against the County and the Board of Adjustments, as well as Frank J. Imhoff, Scott Beyer and Matthew B. Ford, in their official capacities as members of the Board of Adjustments.[5] The Complaint alleges four substantive claims, pursuant to 42 U.S.C. § 1983: (1) violation of the right to free speech; (2) violation of due process; (3) violation of the right to free speech; and (4) violation of the Equal Protection Clause. Plaintiffs' fifth claim is a request for attorney's fees under 42 U.S.C. § 1988.[6]

Plaintiffs have now filed a motion for preliminary injunction in which they seek to enjoin Defendants from conducting an administrative hearing or other proceeding relating to the 2017 Notice or otherwise penalizing or prohibiting them from displaying the signs on Shaw's property. Pls.' Mot. at 2. They argue that "[b]ecause the [Prior Action] resulted in a valid, final judgment on the merits, further litigation between the parties on the application of the County's sign ordinance to Plaintiffs' signs is barred by long-recognized principles of res judicata." Id. at 13. Alternatively, Plaintiffs assert that Defendants cannot proceed with administrative abatement proceedings because they failed to file a

---

[5] Because the instant action arises out of and is based on the judgment rendered in the Prior Action, the Court issued a sua sponte referral to Judge Breyer to determine whether the cases are related under Civil Local Rule 7-12. Dkt. 8. Judge Breyer declined to relate the cases. Dkt. 9.

[6] "[A]ttorneys' fees is a not a claim for relief; it's a remedy." Williamson v. Gunvalson, No. 2:13-CV-01019-JAD, 2015 WL 5062384, at *7 (D. Nev. Aug. 25, 2015).

counterclaim to challenge the validity of Plaintiffs' signs in the Prior Action. Id. Defendants dispute Plaintiffs' contentions and oppose their motion.[7]

## II. LEGAL STANDARD

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A preliminary injunction is an "extraordinary and drastic remedy" that may be granted only upon a "clear showing" that the movant is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam). The moving party bears the burden of meeting all prongs of the Winter test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). The issuance of a preliminary injunction is at the discretion of the district court. Id.

In the Ninth Circuit, courts apply a sliding-scale approach to Winter's four-prong test. Id. at 1134-35. Under this approach, a preliminary injunction may issue where the movants have raised "serious questions on the merits"—rather than a more complete showing that it is likely to succeed on the merits—so long as the balance of hardships tips sharply in the movants' favor and they satisfy the other two Winter prongs. Id. at 1135. Whether or not the sliding-scale approach is used, the movants are required "to make a showing on all four prongs" of Winter to obtain a preliminary injunction. Id. Ultimately, "[a] preliminary injunction ... should not be granted unless the movant[s], *by a clear showing*, carr[y] the burden of persuasion.'" Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in orig.) (quoting Mazurek, 520 U.S. at 972).

---

[7] The Court's Standing Orders limit reply briefs to ten pages. Without seeking or obtaining prior leave of court, Plaintiffs filed a twelve page reply brief. Dkt. 30. Plaintiffs are warned that future non-compliant briefs may be stricken and/or result in the imposition of sanctions.

# III. DISCUSSION

## A. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs do not present any arguments that they will be able to establish each of the requisite elements of their four claims for relief. Rather, Plaintiffs predicate their likelihood of success on the ground that the judgment in the Prior Action bars the County from attempting to enforce its zoning ordinances against them. Plaintiffs further contend that Defendants are foreclosed from pursuing abatement proceedings by virtue of having failed to file a counterclaim under Federal Rule of Civil Procedure 13(a) in the Prior Action. Finally, Plaintiffs argue that the Court is authorized to stay any local administrative abatement proceedings under the All Writs Act. The Court addresses these arguments, in turn.

### 1. Res Judicata

The preclusive effect of a federal court judgment is determined by federal common law. Taylor v. Sturgell, 553 U.S. 880, 891 (2008). Under the doctrine of res judicata, also known as "claim preclusion," a final judgment on the merits forecloses successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Id. at 892 (quotations and citation omitted). Res judicata bars relitigation not only of all grounds of recovery that were actually asserted, but also those that could have been asserted. Allen v. McCurry, 449 U.S. 90, 94 (1980); Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077-78 (9th Cir. 2003). Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. Ruiz v. Snohomish Co. Pub. Util. Dist. No. 1, 824 F.3d 1161, 1164 (9th Cir. 2016).

The salient question presented is whether the final judgment entered in the Prior Action bars the County's current attempt to enforce its sign ordinances against Plaintiffs. It does not. In ruling on Plaintiffs' motion for attorneys' fees, Judge Breyer made it clear that the judgment rendered in favor of Plaintiffs on one claim did not invalidate any of the disputed ordinances, nor did it insulate them from further abatement proceedings

concerning their signs. No. 14-2513 CRB, Dkt. 130 at 7-9, 15, 16. In addition to vacating the preliminary injunction entered early in the case, Judge Breyer rejected Plaintiffs' repeated requests for a permanent injunction "to enjoin enforcement of the unconstitutional sign code." Id. at 8. Notably, Judge Breyer concluded that Plaintiffs have "*not achieved a change in the law that justifies the continued display of its billboards*." Id. (emphasis in orig.). Tellingly, in neither their moving papers nor reply brief do Plaintiffs attempt to address Judge Breyer's findings, which clearly contradict their claim that the judgment in the Prior Action bars any further abatement proceedings as to the billboards at issue.

### 2. Counterclaim

Equally uncompelling is Plaintiffs' alternative contention that Defendants cannot proceed with the administrative abatement hearing by virtue of having failed to bring a compulsory counterclaim in the Prior Action. Pls.' Mot. at 15, Dkt. 22. Rule 13(a) requires a party to assert a counterclaim when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). A counterclaim is unnecessary, however, where it is merely the "flipside" of a complaint for declaratory relief. See Twin City Fire Ins. Co. v. McBreen & Kopko LLP, 847 F. Supp. 2d 1084, 1088 (N.D. Ill. 2012) ("Because this counterclaim is merely the flipside of Twin City's declaratory complaint, I grant the motion and strike Counterclaim I as unnecessary.") (citing Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985)).

An ordinance is presumed valid unless and until the party challenging the ordinance proves otherwise. See Garrett v. City of Escondido, 465 F. Supp. 2d 1043, 1054 (S.D. Cal. 2006) (citing cases); see also Bldg. Indus. Ass'n of the Bay Area v. City of San Ramon, 4 Cal. App. 5th 62, 90 (2016). As noted, Plaintiffs had sought a declaration from the Court that the disputed zoning ordinances are unconstitutional and unenforceable. Given the nature of Plaintiffs' challenge—coupled with the presumptive legality of those ordinances—a counterclaim to confirm the County's right to enforce those ordinances, would have been superfluous. The Court therefore rejects Plaintiffs' unsupported assertion

that Defendants are foreclosed from seeking to abate Plaintiffs' signs as a result of having failed to bring a counterclaim in the Prior Action.

### 3. All Writs Act

Finally, Plaintiffs contend that the Court should utilize its authority under the All Writs Act, 28 U.S.C. § 1651(a), to prevent Defendants from pursuing abatement proceedings in light of Judge Breyer's ruling. Pls.' Mot. at 18-19. The All Writs Act provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. "However, courts' authority under the All Writs Act 'is to be used sparingly and only in the most critical and exigent circumstances,' and '[i]t is only appropriately exercised where (1) necessary or appropriate in aid of [the court's] jurisdiction and (2) the legal rights at issue are indisputably clear.'" Wisconsin Right to Life, Inc. v. Fed. Election Comm'n, 542 U.S. 1305, 1306 (2004) (internal quotation marks and citations omitted).

Plaintiffs' reliance on the All Writs Act is misplaced. A writ may not issue where there is another avenue for reviewing the challenged action. See Clinton v. Goldsmith, 526 U.S. 529, 537-38 (1999). Here, Plaintiffs acknowledge that both administrative and judicial review are available to counter any effort by the County to abate the signs. But perhaps more fundamentally, the issue here is not whether the Court has the authority to enjoin the County from proceeding with an abatement hearing against Plaintiffs; rather, the salient question is whether such an injunction is warranted in the first instance. As discussed more extensively above, the judgment entered in the Prior Action does not impede Defendants' present right to enforce County ordinances and compel the removal of billboards which Plaintiffs admit are legally improper. Accordingly, the Court finds no basis upon which to exercise its authority under the All Writs Act to enjoin Defendant's from proceeding with the administrative hearing pertaining to Plaintiffs' signs.

### 4. Summary

The judgment rendered in the Prior Action does not preclude the County from seeking to enforce its ordinances as to the signs at issue. Nor was the County required to

have filed a counterclaim in that action in order to preserve its right to do so. The Court therefore finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits of any of their claims.

**B.   IRREPARABLE HARM**

Plaintiffs briefly contend that the deprivation of their constitutional rights automatically results in irreparable harm. Pls.' Mot. at 21. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Valle Del Sol Inc. v. Whiting, 709 F.3d 808, 828 (9th Cir. 2013). As such, "a party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury ... by demonstrating the existence of a colorable First Amendment claim." CTIA-The Wireless Ass'n v. City of Berkeley, 854 F.3d 1105, 1123 (9th Cir. 2017) (internal quotations and citation omitted). Here, Plaintiffs' sole argument regarding success on the merits is that Judge Breyer ruled in their favor in the Prior Action. Pls.' Mot. at 13-18. For the reasons discussed, that argument lacks merit. Consequently, Plaintiffs' showing of irreparable injury is correspondingly lacking.

Plaintiffs also fail to demonstrate that they will suffer *immediate* irreparable injury in the absence of a preliminary injunction. To fulfill the "irreparable harm" requirement, the moving party "must do more than merely allege imminent harm," but "must demonstrate *immediate threatened injury*." Assoc. Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity, 950 F.2d 1401, 1410 (9th Cir. 1991) (emphasis added). Plaintiffs assert that an administrative hearing will lead to the immediate removal and destruction of their billboards. Pls.' Mot. at 11. However, Defendants have committed to taking no action on removing the signs until the administrative process has concluded and the time to file a writ challenging the County's determination has run. Zinn Decl. ¶¶ 2, 8, 10 & Ex. 8. Plaintiffs do not respond to Defendants' evidence. Pls.' Reply at 16. In view of the uncontroverted information provided by Defendants, the Court finds that Plaintiffs have failed to demonstrate that they are likely to suffer immediate of irreparable harm in the absence of a preliminary injunction.

### C. PUBLIC INTEREST AND BALANCE OF HARDSHIPS

In terms of hardships, Plaintiffs argue that forcing them to remove the signs from Shaw's property will infringe upon their right to free speech, result in the imposition of fines and cause them to incur the cost of compliance. Pls.' Mot. at 21. With regard to their first point, Plaintiffs have not made a colorable showing that their constitutional rights have been violated. As to their remaining concerns, the Court notes that any financial consequences faced by Plaintiffs would be attributable to *their* decision to maintain signs which they acknowledge do not comply with the County's ordinances.

In contrast to Plaintiffs' weak showing of hardship, Defendants have a strong public interest in enforcing its zoning laws. San Diego Cty. v. McClurken, 37 Cal. 2d 683, 690 (1951) ("The purpose of the landowner in purchasing the property must yield to the public interest in the enforcement of a comprehensive zoning plan."); J. Arthur Properties, II, LLC v. City of San Jose, 21 Cal. App. 5th 480, 491 (2018) ("Public policy favors eliminating nonconforming uses."). Thus, on balance, the public interest and balance of hardships weigh against entering a preliminary injunction. See F.T.C. v. World Wide Factors, Ltd., 882 F.2d 344, 347 (9th Cir. 1989) ("[W]hen a district court balances the hardships of the public interest against a private interest, the public interest should receive greater weight.").

### IV. CONCLUSION

Plaintiffs have failed to persuade the Court that their proposed preliminary injunction is warranted under the facts presented. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' motion for preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated: 5/9/18

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge