UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CITIZENS FOR FREE SPEECH, LLC; MICHAEL SHAW,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA; ALAMEDA EAST COUNTY BOARD OF ZONING ADJUSTMENTS; FRANK J. IMHOFF, SCOTT BEYER, and MATTHEW B. FORD, all in their official capacities as members of the East County Board of Zoning Adjustments,<br><br>Defendants. | Case No: C 18-00834 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Dkt. 44 |

  Plaintiffs Citizens for Free Speech, LLC ("Citizens") and Michael Shaw ("Shaw") bring the instant action against the County of Alameda ("County") and County-related defendants, pursuant to 42 U.S.C. § 1983, to challenge Defendants' efforts to enforce certain local zoning ordinances with respect to three billboards ("Signs") that Shaw has allowed Citizens to display on his property. The First Amended Complaint ("FAC"), the operative pleading before the Court, alleges that the County's enforcement efforts violate Plaintiffs' right to free speech, due process and equal protection. The pleadings also allege that the County is foreclosed from enforcing its ordinances as a result of the judgment entered by District Judge Charles Breyer in Plaintiffs' prior lawsuit against the County,

styled as Citizens for Free Speech v. County of Alameda, Civ. No. 14-2513 CRB ("Prior Action").

The parties are presently before the Court on Defendants' Motion to Dismiss the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 44. Defendants contend that Plaintiffs' claims are barred by res judicata and are otherwise without merit. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.[1]

I. **BACKGROUND**

A. **THE PRIOR ACTION**

In 2014, Shaw and Citizens entered into an agreement for the latter to construct and display billboards ("Signs") on Shaw's parcel of land ("Parcel"), located at 8555 Dublin Canyon Road, which is in an unincorporated area of the County. FAC ¶¶ 8-9, Dkt. 42. At that time, the Signs allegedly "displayed political messages which Plaintiffs considered to be contrary to the political idealogy espoused by County officials." Id. ¶ 10.[2]

On June 1, 2014, Citizens and Shaw filed a Complaint in this Court against the County. Plaintiffs alleged that certain zoning provisions contained within the County Code of Ordinances (collectively referred to as "Zoning Ordinance") are unconstitutional. The Complaint sought declaratory and injunctive relief against the County, pursuant to section 1983, based on the following claims for relief: (1) violation of the right to free speech under the First Amendment; (2) violation of the right to Equal Protection under the Fourteenth Amendment; (3) violation of the right to free speech under the California Constitution; and (4) violation of the right to Equal Protection under the California Constitution. The action was assigned to Judge Charles Breyer.

---

[1] The parties waived oral argument on the instant motion. Dkt. 51.

[2] The FAC alleges that the Signs "currently display political and commercial messages." Id. The precise content of the messages is not specified in the pleadings or motion papers.

On June 2, 2014, the Alameda County Community Development Agency sent Shaw a Declaration of Public Nuisance—Notice to Abate ("2014 Notice"). FAC Ex. A, Dkt. 42. The 2014 Notice states that the "unlawful signs (billboards)" displayed on the Parcel violate Alameda County Code of Ordinances ("Code") sections 17.18.010 and 17.18.120, and that the failure to remove the billboards will result in escalating monetary penalties. Id.[3]

Shortly after commencing the action, Plaintiffs moved for a preliminary injunction to enjoin the County from proceeding with the abatement process. No. 14-2513 CRB, Dkt. 50. Judge Breyer granted the motion, finding that Plaintiffs were "likely to succeed on their challenges to sections 17.18.130 and 17.54.080 of the [Code] … because section 17.18.130 afforded County officials unfettered discretion, and because there were no procedural safeguards to ensure that County officials would render decisions under sections 17.18.130 and 17.54.080 in a timely manner." Id., Dkt. 130 (citing Dkt. 34 at 15-17). The Court entered the injunction on September 30, 2014. Id., Dkt. 50.

On April 15, 2015, the County moved for summary judgment on all of Plaintiffs' claims. Id., Dkt. 55. On July 16, 2015, Judge Breyer granted summary judgment as to "Plaintiffs' free speech claims, to the extent that those claims are based on: (1) an as-applied challenge; (2) a facial challenge as to the unfettered discretion granted by Zoning Ordinance §§ 17.52.520(Q), 17.52.520(D), and 17.54.130; and (3) a facial challenge as to Section 17.52.515's purported regulation of speech based on its content." Id., Dkt. 71 at 2. The Court denied summary judgment on (1) Plaintiffs' facial challenge to Zoning

---

[3] The County's zoning laws are intended to "promote and protect the public health, safety, peace, comfort, convenience and general welfare…." Alameda Cty. Code of Ordinances § 17.02.20; see also id. § 17.18.010 (applicable to planned development districts); § 17.18.120 (requiring use of land in planned development districts to conform to approved land use and development plan). The zoning scheme includes specific regulations directed at erecting signs and billboards on private property. Id. § 17.52.515. Violations of the County's zoning codes may result in the subject property being declared a public nuisance and the issuance of a notice to abate. Id. §§ 17.59.010, 17.59.030. A property owner is entitled to an administrative hearing on the notice, id. § 17.59.040, the result of which may be appealed to the Board of Supervisors ("Board"), id. § 17.59.090. Judicial review of the Board's decision must be sought within thirty days of the ruling. Id. § 17.59.120.

Ordinance section 17.18.130, finding that "the 'totality of the factors' indicates that County officials have unfettered discretion under that provision," and on (2) Plaintiffs' Equal Protection claims. Id.

Subsequent to the Court's ruling on the first summary judgment motion, the County voluntarily amended section 17.18.130 (one of the Code sections that formed the basis of the preliminary injunction order). Id., Dkt. 130 at 2. Thus, in adjudicating the County's second summary judgment motion, the Court ruled that the amendment cured the constitutional deficiencies alleged by Plaintiffs. Id., Dkt. 105 at 7-13; id., Dkt. 130 at 9-10, 16 n.14. In view of the amendment, coupled with Plaintiffs' decision to no longer challenge section 17.54.080, Plaintiffs acknowledged that they had no further constitutional objections to the County's sign ordinances. Id., Dkt. 123 at 6 ("Citizens does not challenge the current sign code."). Subsequently, Judge Breyer granted the County's request to dissolve the preliminary injunction, which had enjoined the County from continuing with the abatement process. Id., Dkt. 125. He also rejected Plaintiffs' repeated requests for a permanent injunction "to enjoin enforcement of the unconstitutional sign code." Id., Dkt. 130 at 8.

At the conclusion of the Prior Action, Plaintiffs filed a motion for attorneys' fees, seeking recovery of $199,030, plus costs. Id., Dkt. 126. Due to the "poor results achieved" by Plaintiffs, the Court awarded only $1 in nominal damages and attorneys' fees in the "greatly reduced" amount of $38,116. Id. at 16, 17. In reaching his decision, Judge Breyer noted that, despite three years of litigation, Plaintiffs accomplished "very little" and achieved none of their objectives in filing suit. Id. at 15-16. In particular, they failed to realize "the primary goal of the litigation," i.e., the recovery of actual damages and a permanent injunction allowing them to maintain their signs without risking abatement proceedings by the County. Id. at 7-8. Aside from obtaining only $1 in nominal damages, Judge Breyer noted that Plaintiffs "only prevailed on one claim, after which the County voluntarily amended its ordinance to correct the unconstitutional language—*and the amendment did not actually benefit [Plaintiffs]*." Id. at 15-16 (emphasis in orig.).

Moreover, Plaintiffs failed to obtain any injunctive relief, as the Court vacated the previously imposed preliminary injunction and refused to enter a permanent injunction. Id. at 8. In view of the fact that Plaintiffs failed to "achieve[] a change in the law that justifies the continued display of its billboards," the County indicated that it was considering pursuing the removal of Plaintiffs' signs once the preliminary injunction was dissolved. Id. at 8.

Judge Breyer entered final judgment in the Prior Action on March 8, 2017. No appeal was taken from the judgment.

### B. THE INSTANT ACTION

On or about September 28, 2017, the Alameda County Community Development Agency Planning Commission sent Shaw a Declaration of Public Nuisance–Notice to Abate ("2017 Notice"). FAC ¶ 21 & Ex. 2. Like the 2014 Notice, the 2017 Notice alleges that the Signs violate Code section 17.18.120, id. ¶ 21, and orders Shaw to remove the signs within ten days from the postmarked date of the Notice or face the imposition of fines for non-compliance, id. Ex. 2. On November 22, 2017, the County sent Shaw a Notice of Administrative Hearing on Abatement of Nuisance. Id. ¶ 23. The notice indicated that a hearing was set before the Alameda County East County Board of Zoning Adjustments ("Board of Adjustments"), to determine whether the Signs violate the Code. Shaw Decl. ¶ 11 & Ex. C, Dkt. 23, 23-3.[4]

On February 2, 2018, Plaintiffs filed the instant action against the County and the Board of Adjustments, as well as Frank J. Imhoff, Scott Beyer and Matthew B. Ford, in their official capacities as members of the Board of Adjustments.[5] The Complaint alleged the following claims, pursuant to 42 U.S.C. § 1983: (1) violation of the right to free speech

---

[4] The Court takes judicial notice of the notice of hearing, which Shaw previously attached to his declaration in support of Plaintiffs' earlier motion for preliminary injunction. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned").

[5] For simplicity, the Court refers to all named defendants as "the County."

(claims one and three); (2) violation of due process (claim two); (3) violation of the right to equal protection (claim four); and (4) demand for attorney's fees under 42 U.S.C. § 1988 (claim five).

Shortly after filing their Complaint, Plaintiffs filed a motion for preliminary injunction in which they sought to enjoin the County from conducting an administrative hearing or other proceeding relating to the 2017 Notice or otherwise penalizing or prohibiting them from displaying the signs on the Parcel. They argued that "[b]ecause the [Prior Action] resulted in a valid, final judgment on the merits, further litigation between the parties on the application of the County's sign ordinance to Plaintiffs' signs is barred by long-recognized principles of res judicata." Dkt. 22 at 13. Alternatively, Plaintiffs asserted that the County cannot proceed with administrative abatement proceedings because it failed to file a counterclaim to challenge the validity of Plaintiffs' signs in the Prior Action. Id.

On May 9, 2018, the Court issued its Order denying the motion for preliminary injunction. Dkt. 36. As to the likelihood of success on the merits, Plaintiffs failed to demonstrate that the judgment rendered in the Prior Action invalidated the disputed ordinances or insulated Plaintiffs from further abatement proceedings. Dkt. 36 at 7-8. The Court further rejected Plaintiffs' contention that the County is barred under Federal Rule of Civil Procedure 13(a) ("Rule 13(a)") from taking further action against Plaintiffs as a result of having failed to file a counterclaim in the Prior Action to determine whether they, in fact, had violated the Zoning Ordinance. Id. at 8. Finally, the Court found that Plaintiffs had failed to demonstrate irreparable harm or that the balance of hardships and public interest weigh in favor of an injunction. Id. at 10-11. Plaintiffs appealed the Court's ruling.

On May 24, 2018, the County filed a motion to dismiss, pursuant to Rule 12(b)(6). Exercising their rights under Rule 15(a)(1)(B), Plaintiffs filed a FAC on June 7, 2018, which alleges the same claims as the original Complaint. Dkt. 42. The County renewed their motion to dismiss as to all claims alleged in the FAC. The motion is fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

## III. DISCUSSION

### A. YOUNGER ABSTENTION

Before turning to the arguments presented in the parties' briefs, the Court addresses a critical matter overlooked by the parties: Younger abstention.[6] Younger requires a federal court to abstain from considering claims that may interfere with ongoing state proceedings. Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). The doctrine extends to ongoing state administrative proceedings. San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) ("Although Younger itself involved potential interference with a state criminal case,

---

[6] Federal courts may sua sponte consider whether abstention is warranted at any stage of the litigation. Bellotti v. Baird, 428 U.S. 132, 143-44 n.10 (1976); H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

the Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings.") (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986)).

In this Circuit, the federal courts must abstain under Younger if the following requirements are satisfied:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

City of San Jose, 546 F.3d at 1092 (citations omitted). "When the case is one in which the Younger doctrine applies, the case must be dismissed." Koppel, 203 F.3d at 613; e.g., Kenneally, 967 F.2d 329, 331 (9th Cir. 1992) (dismissing section 1983 action brought by physician to enjoin a state medical board from holding an administrative proceeding to revoke his medical license). However, "an exception to abstention applies if the state proceedings demonstrate 'bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate.'" Baffert v. California Horse Racing Board, 332 F.3d 613, 617 (9th Cir. 2003) (citation omitted).

The record clearly establishes the presence of all elements for Younger abstention. First, the FAC specifically alleges that the County's administrative abatement proceedings are ongoing. E.g., FAC ¶¶ 21-23, 27-27. Plaintiffs confirm as much in their opposition brief. Dkt. 49 at 5. The first requirement for Younger is therefore satisfied.

Second, the abatement proceedings implicate important state interests. It is well settled that a local entity's police power includes the authority to adopt and enforce zoning ordinances. Disney v. City of Concord, 194 Cal. App. 4th 1410, 1416 (2011). The Ninth Circuit has held that, for purposes of Younger, a local entity's enforcement of such ordinances constitutes a significant state interest. See Woodfeathers, Inc. v. Washington Cty., Or., 180 F.3d 1017, 1021 (9th Cir. 1999) ("Civil actions brought by a government entity to enforce nuisance laws have been held to justify Younger abstention."); San Remo

Hotel v. City of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998) ("We have held that strong, local, i.e., municipal, interests in land-use regulation qualify as important state interests for purposes of Younger abstention ... the City has a strong interest in its land-use ordinances and in providing a uniform procedure for resolving zoning disputes.").

Third, there is no impediment to Plaintiffs' ability to raise their constitutional issue in the context of the state proceeding.[7] It is not necessary that the administrative proceeding itself provide an avenue for the plaintiff to raise a constitutional challenge. Rather, it is sufficient "that constitutional claims may be raised in state-court judicial review of the administrative proceeding." Ohio Civil Rights Comm'n, 477 U.S. at 629. In California, local land use decisions are subject to judicial review by way of administrative mandamus. Saad v. City of Berkeley, 24 Cal.App.4th 1206, 1211 (1994) (land use decisions subject to judicial review under California Code of Civil Procedure section 1094.5). Notably, the Ninth Circuit has held that, for purposes of Younger, section 1094.5 provides a plaintiff with a "meaningful opportunity" to raise constitutional claims. Kenneally, 967 F.2d at 333. In addition, constitutional challenges to a zoning ordinance may be presented through traditional mandamus. Wal-Mart Stores, Inc. v. City of Turlock, 138 Cal. App. 4th 273, 299-300 (2006) ("Traditional mandamus, pursuant to Code of Civil Procedure section 1085, was the proper remedy for the constitutional challenge to the Ordinance."), disapproved of on other grounds by Hernandez v. City of Hanford, 41 Cal. 4th 279 (2007). The Court therefore finds that Plaintiffs will have an adequate and meaningful opportunity to raise any constitutional concerns in accordance with California law. See Kenneally, 967 F.2d at 333.

Finally, the record demonstrates that Plaintiffs are attempting to utilize this action to interfere with a state proceeding. Specifically, they seek to enjoin local abatement

---

[7] The Supreme Court has held that "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987); see Gibson v. Berryhill, 411 U.S. 564, 577 (1973) (noting that the Younger doctrine "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved").

proceedings and foreclose the County from further pursuing zoning violations against them in connection with the Signs. The fourth requirement for Younger abstention is therefore satisfied. See Baffert, 332 F.3d at 617 ("Younger abstention applies to actions seeking to enjoin pending state administrative proceedings").

The Court finds that all of the elements for Younger abstention are clear from the pleadings. None of the claims alleged or anything else in the record suggest the existence of bad faith, harassment, or any other extraordinary circumstances to except this case from Younger. Plaintiffs' claims, all of which seek to enjoin the administrative abatement proceedings, must therefore be dismissed. See Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, … Younger abstention requires dismissal of the federal action.").

### B. ANALYSIS OF PLAINTIFFS' CLAIMS

As set forth above, Younger compels the dismissal of this action. But even if Younger were inapplicable, the Court is persuaded by the arguments for dismissal presented in the County's motion to dismiss.

#### 1. First Claim – Right to Free Speech

In their first claim for relief, Plaintiffs allege that the County's abatement procedure violates their right to free speech. In particular, they complain that the Zoning Ordinance contains no provision for an automatic stay of enforcement pending judicial review of an administrative decision to abate an offending sign or billboard. FAC ¶¶ 24, 38. The lack of an automatic stay provision, Plaintiffs argue, amounts to a "prior restraint," ostensibly because it allows the County to restrict "speech" without a court order, in contravention of the procedural safeguards discussed in 4805 Convoy Inc. v. City of San Diego, 183 F.3d 1108 (9th Cir. 1999).

The County contends that Plaintiffs' constitutional challenge to the Zoning Ordinance is barred by res judicata.[8] "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). "'Res judicata ... bars litigation in a subsequent action of any claims [or issues] that were raised or could have been raised in the prior action.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. Ruiz v. Snohomish Co. Pub. Util. Dist. No. 1, 824 F.3d 1161, 1164 (9th Cir. 2016).

In their opposition, Plaintiffs do not address, let alone dispute the County's contention that their newly-asserted "prior restraint" theory is precluded by res judicata. By failing to respond to the County's contention, Plaintiffs have effectively conceded its validity. Mariscal v. Graco, Inc., 52 F. Supp. 3d 973, 984 (N.D. Cal. 2014) ("Plaintiff failed to address these arguments in his opposition brief, and therefore conceded these claims."). Plaintiffs' silence notwithstanding, there can be no legitimate dispute that their constitutional challenge is precluded. The Prior Action resulted in a final judgment on the merits of Plaintiffs' constitutional claims regarding the same Zoning Ordinance, which Plaintiffs again seek to challenge in this action. The instant claim involves the same parties, the same Signs, and the same Zoning Ordinance. Although Plaintiff did not advance their prior restraint theory in the Prior Action, they do not dispute that they could have done so. As such, the claim is barred. McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986) (a plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory").

Even if Plaintiffs' First Amendment claim were not barred by res judicata, their challenge is devoid of substantive merit. The gist of Plaintiffs' claim is that the Zoning

---

[8] A res judicata affirmative defense may be adjudicated on a motion to dismiss where, as here, the bar is evident from the face of the pleadings and there are no factual disputes. ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).

Ordinance lacks an automatic stay provision as ostensibly required by 4805 Convoy. In that case, operators of an adult entertainment venue sued the city after it suspended the plaintiff's nude dancing license for violating local regulations setting a minimum distance between patrons and dancers. On appeal, the Ninth Circuit considered the question of whether the city's provisions regulating the issuance, suspension, and revocation of licenses for nude entertainment businesses were unenforceable because they unconstitutionally restrained speech by failing to provide adequate procedural safeguards. Relying on the Supreme Court's plurality opinion in FW/PBS, Inc. v. Dallas, 493 U.S. 215 (1990), the Ninth Circuit held that to avoid unconstitutionally restraining speech, the licensing scheme must either: (1) provide for a prompt hearing and decision by a judicial officer; or (2) maintain the status quo by prohibiting the enforcement of the license suspension or revocation until there has been a judicial decision on the merits. 4805 Convoy, 183 F.3d at 1116.

      4805 Convoy is inapposite. In 2004, the Supreme Court rendered its decision in City of Littleton, Colorado v. Z.J. Gifts D-4, L.L.C., 541 U.S. 774 (2004), which modified FW/PBS—the decision upon which 4805 Convoy is grounded. In particular, the Court held that special procedural protections are not required when the ordinance simply requires "compliance with neutral and nondiscretionary criteria ... and does not seek to censor content…." City of Littleton, 541 U.S. at 784. Here, this Court ruled in the Prior Action that the Zoning Ordinance is content neutral. See Citizens for Free Speech, LLC v. Cty. of Alameda, 114 F. Supp. 3d 952, 966 n.17 (N.D. Cal. 2015) ("[A]s discussed infra …, the Zoning Ordinance is content-neutral, and the same procedural requirements do not apply to content-neutral permit schemes"). That decision is the law of the case and no grounds have been presented to revisit Judge Breyer's ruling. Stacy v. Colvin, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.").

As such, Plaintiffs' claim that the Zoning Ordinance effectuates an impermissible prior restraint, even if not barred by res judicata, fails on the merits.[9]

## C. SECOND CLAIM – DUE PROCESS

Plaintiffs' second claim alleges that the County's ongoing abatement action violates their Fourteenth Amendment right to due process. FAC ¶¶ 41-43. More specifically, they contend that the County should have filed a compulsory counterclaim in the Prior Action to establish that the Signs violated the Zoning Ordinance. Since the County failed to file such a counterclaim, it allegedly is foreclosed by operation of Rule 13(a) from taking any further administrative action or enforcing the Zoning Ordinance with respect to the Signs. Dkt. 49 at 6.[10] Defendants contend that this claim lacks legal foundation and is subject to dismissal.

### 1. Federal Rule of Civil Procedure 13(a)

Rule 13 governs the pleading requirements of counterclaims, which may be either compulsory or permissive. See Fed. R. Civ. P. 13(a)-(b). Compulsory counterclaims are those claims arising "out of the transaction or occurrence that is the subject matter of the opposing party's claim," which do not "require adding another party over whom the court cannot acquire jurisdiction." Id. 13(a). "If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again." Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL-CIO v. G. P. Thompson Elec., Inc., 363 F.2d 181, 184 (9th Cir. 1966). "The purpose of Rule 13(a) is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the

---

[9] Plaintiffs also briefly allege in their first claim that the abatement procedure "is barred by claim preclusion, issue preclusion and FRCP 13(a)." FAC ¶ 39. Whether or not that is true—which it is not—has no relation to whether the Zoning Ordinance violates Plaintiffs' First Amendment rights. Moreover, Judge Breyer repeatedly rejected Plaintiffs' requests in that action to enjoin the County from further enforcing the Zoning Ordinance with respect to the Signs.

[10] In the FAC, Plaintiffs also cite California Code of Civil Procedure sections 426.10-426.70, which govern compulsory counterclaims in state court. FAC ¶ 42. In their opposition to the County's motion to dismiss, Plaintiffs admit that these state court provisions are irrelevant to this case. Dkt. 49 at 6 n.1.

**1** court." Mitchell v. CB Richard Ellis Long Term Disability Plan, 611 F.3d 1192, 1201 (9th
**2** Cir. 2010).

**3** As an initial matter, the Court finds that the County had no obligation to file a
**4** counterclaim in the Prior Action. An ordinance is presumed constitutional, unless and until
**5** the plaintiff demonstrates otherwise. See Heller v. Doe by Doe, 509 U.S. 312, 320 (1993).
**6** Thus, given that Plaintiffs had affirmatively challenged the constitutionality of the Zoning
**7** Ordinance, it would have been superfluous for the County to file a counterclaim to establish
**8** the opposite—and by extension, its enforceability. See Intercon Sols., Inc. v. Basel Action
**9** Network, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013) ("courts routinely dismiss
**10** counterclaims that seek to generate an independent piece of litigation out of issues that are
**11** already before the court; this includes counterclaims that merely restate an affirmative
**12** defense, as well as those which simply seek the opposite effect of the complaint"); see also
**13** Manitowoc Cranes LLC v. Sany Am. Inc., No. 13-C-677, 2017 WL 6327551, at *5 (E.D.
**14** Wis. Dec. 11, 2017) ("The declaratory relief Sany seeks [in his counterclaims] appears little
**15** more than a negation of the claims Manitowoc has asserted against it. Whatever need Sany
**16** may have for such relief would seem to evaporate in the event Manitowoc does not prevail
**17** on its claims."). Nor was it necessary for the County to file a counterclaim to establish that
**18** Plaintiffs' Signs were not compliant with the Zoning Ordinance. The day after Plaintiffs
**19** filed their Complaint in the Prior Action, the County initiated abatement proceedings by
**20** issuing the 2014 Notice, as expressly permitted under the Zoning Ordinance. Dkt. 49 at 4.
**21** Given the pendency of those proceedings, it would have been duplicative, if not
**22** inappropriate, for the County to subsequently file a counterclaim before Judge Breyer to
**23** adjudicate issues that already were at issue in the administrative action.

**24** More fundamentally, the notion that Rule 13(a) dictates where and when the County
**25** may enforce its laws is legally untenable. "Land use regulation in California historically
**26** has been a function of local government under the grant of police power contained in article
**27** IX, section 7 of the California Constitution." Big Creek Lumber Co. v. County of Santa
**28** Cruz, 38 Cal. 4th 1139, 1151 (2010); see Wilkins v. City of San Bernardino, 29 Cal. 2d

332, 337 (1946) (noting that a county's decision to enforce its ordinances is a matter within its discretion). Consistent with that power, the County has enacted a comprehensive zoning law, which confers the power to abate zoning violations through an extra-judicial, administrative process. Thus, to conclude that the County should have filed a Rule 13(a) counterclaim in the Prior Action as a prerequisite to resuming its abatement efforts would amount to an illegitimate interference with the County's exercise of its police powers. See United States v. Snyder, 852 F.2d 471, 475 (9th Cir. 1988) ("the federal government has no constitutional authority to interfere with a state's exercise of its police power except to the extent the state's action intrudes on any of the spheres in which the federal government itself enjoys the power to regulate"); see also Fallen Leaf Protection Ass'n v. State (1975) 46 Cal. App. 3d 816, 825 (1975) ("The police power is one of the most essential powers of government and one that is least limitable."). Moreover, federal courts have rejected the suggestion that the Federal Rules of Civil Procedure can compel an enforcement agency to litigate where an administrative enforcement mechanism already exists. Cf. Pfeiffer Co. v. United States, 518 F.2d 124, 130 (8th Cir. 1975) ("because the Government has a wide range of extra-judicial tax collection devices at its disposal, we doubt that the Federal Rules of Civil Procedure can be read to compel the Government to litigate when, as in this case, for reasons of its own it chooses not to").

Plaintiffs also have failed to demonstrate that the Rule 13(a) bar, even if germane, applies to the circumstances presented. The Rule applies where a party asserts a claim in a second federal court action that should have been asserted as a counterclaim in an earlier action. Mitchell, 611 F.3d at 1201 ("Rule 13(a) … is 'particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim becomes the basis on the complaint.'") (citation omitted). Here, the County is not asserting a second federal action against Plaintiffs. Rather, the County simply has resumed a local administrative enforcement proceeding pertaining to Plaintiffs' Signs. Such a proceeding is not an "action." City of Oakland v. Pub. Employees' Ret. Sys., 95 Cal. App. 4th 29, 48 (2002) ("An administrative proceeding is neither a 'civil

action' … nor a 'special proceeding of a civil nature.'") (citations omitted); cf. Serrano v. Unruh, 32 Cal.3d 621, 636 (1982) ("An 'action' however, is merely a form of judicial remedy sought to protect a right or redress a wrong.") (emphasis added). Tellingly, Plaintiffs have not cited—nor has the Court been able to locate—any authority holding that the preclusive effect of Rule 13(a) extends to bar ongoing state administrative proceedings.

### 2. Claim Preclusion

Separate from Rule 13(a), Plaintiffs argue that "[t]he County's Abatement claim is barred by the doctrine of claim preclusion" on the ground that such claims "could have been asserted in the Prior Action in the form of a counterclaim, but was not." Dkt. 49 at 8-9. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). However, this doctrine is inapplicable, as the County is not seeking to relitigate any claims against Plaintiffs in this or any other court. See Nasalok Coating Corp. v. Nylok Corp., 522 F.3d 1320, 1323 (Fed. Cir. 2008) ("Typically, claim preclusion is applied against a plaintiff who brings a second action related to an earlier action.").

Plaintiffs concede that there is no authority applying res judicata to bar a subsequent administrative proceeding. Nonetheless, they point out that the opposite may be true; that is, an administrative action may in some circumstances preclude a subsequent lawsuit. See Astoria Federal Savings & Loan Association v. Solimino, 501 U.S. 104, 107 (1991) ("When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.") (citation omitted). Plaintiffs posit that since an administrative action litigated to finality can preclude a subsequent court action, "it stands to reason that a court action can bar a subsequent administrative proceeding." Dkt. 49 at 11. The Court disagrees.

Res judicata only bars a second action. Cent. Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002). As noted, the County's administrative abatement

proceeding is not an "action." City of Oakland, 95 Cal. App. 4th at 48. Moreover, pursuant to Younger, this Court cannot halt on ongoing state administrative proceeding. Morning Hill Foods, LLC v. Hoshijo, 259 F. Supp. 3d 1113, 1125 (D. Haw. 2017) (plaintiff could not pursue its constitutional claims in federal court that would have the practical effect of enjoining pending state administrative proceedings) (citing Gilbertson v. Albright, 381 F.3d 965, 980 (9th Cir. 2004)). The Court finds no merit to Plaintiffs' claim that the doctrine of claim preclusion bars the County from enforcing the Zoning Ordinance against Plaintiffs with respect to the Signs.

### D. THIRD AND FOURTH CLAIMS – FREEDOM OF SPEECH/EQUAL PROTECTION

Plaintiffs' third claim alleges the Zoning Ordinance violates their rights under the First Amendment. FAC ¶ 46. Their fourth claim is similarly styled, but predicated on the Equal Protection Clause of the Fourteenth Amendment. Id. ¶¶ 55, 56. The County contends that both of these claims are barred by res judicata.

Plaintiffs do not dispute that they fully litigated both of the aforementioned claims to judgment in the Prior Action. Nevertheless, Plaintiffs contend that if neither Rule 13(a) nor the doctrine of res judicata precludes the County's abatement proceedings, then they too should be permitted to resurrect their previously litigated constitutional claims. FAC ¶ 46, 56; Dkt. 49 at 14-15. Plaintiffs fail to cite any legal authority to support their novel, albeit unsupported, theory of claim preclusion. In addition, as discussed above, the Prior Action has no bearing on the County's right to resume abatement proceedings against Plaintiffs based on their admitted violations of the Zoning Ordinance. The Court therefore grants the County's motion to dismiss as to the third and fourth claims of the FAC.

### E. FIFTH CLAIM

The County moves to dismiss Plaintiffs' fifth claim, which is a request for attorney's fees under 42 U.S.C. § 1988. As this Court previously pointed out in its preliminary injunction order, section 1988 does not provide an independent cause of action for civil rights violations. See Moor v. Cty. of Alameda, 411 U.S. 693, 703-04 (1973); Brower v. Inyo Cty., 817 F.2d 540, 546 (9th Cir. 1987), rev'd on other grounds, 489 U.S. 593 (1989).

Plaintiffs present no argument in response to the County's motion to dismiss this claim, which is granted.

## IV. CONCLUSION

The Court finds that all of the elements for <u>Younger</u> absention are present and therefore dismissal is appropriate. In addition, each of the claims alleged in the FAC is barred by res judicata and otherwise lacks substantive merit. No amendment to the pleadings would cure these deficiencies. Accordingly,

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss is GRANTED. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 9/4/18

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge